No. 2039

Second Circuit

NABORS  BROTHERS,  INC.,  v.  J.  M.
WARREN

(March 11, 1926, Opinion and Decree)

(*Syllabus by the Editor.*)

1.  Louisiana  Digest—Appeal—Par. 625.

The finding of the trial court as to matters of fact being clearly correct is affirmed.

Appeal from the Twelfth Judicial District Court of Louisiana, Parish of DeSoto, Hon. J. H. Boone, Judge.

This is a suit to collect a balance due on an open account.

There was judgment for plaintiff.
Defendant appealed.

Judgment affirmed.

T. J. Magee, of Mansfield, attorney for plaintiff, appellee.

Lee and Bell, of Mansfield, attorneys for defendant, appellant.

ODOM, J.      This is a suit to collect a balance due on an open account.

The District Judge rendered judgment in favor of the plaintiff and against the defendant for $177.32. He submitted a written opinion which reads as follows:

"This is a suit on open account for the sum of $302.87, with interest at the legal rate from Feb. 21, 1921, until paid. Defendant denies the indebtedness, and pleads payment in full of such accounts as he made with plaintiff. Only questions of fact are involved.

"There were two accounts run by defendant and his wife at the store of plaintiff, one being the 'hotel' account, which was looked after and paid by defendant's wife, and the other being the 'feed' account, which was contracted, looked after and to be paid by defendant. The two accounts were run in such way that confusion and error regarding them could easily arise.

"It may be that the defendant purchased and paid for at the time many items that did not go on the slips of paper or books of the plaintiff; and it may also be that defendant paid amounts for which he was not given credit, though the goods were charged to him. This appears entirely possible, for the reason that when defendant's account was made out in 1921, both defendant and Mrs. Oats, the manager of plaintiff's business, were surprised to find it so large. Defendant recognized the fact that he was owing plaintiff some amount, however, and was willing to pay anywhere from $150.00 to something above $200.00 considering the old Chandler as of little value, on it.

"The court has examined the accounts and receipts and checks, and the testimony, with care, and has been unable to find where plaintiff gave defendant or his wife credit for the $100 paid and receipted for on Oct. 4. 1920. Defendant is clearly entitled to this additional credit. Then, of date Dec. 28, 1920, defendant gave plaintiff a check for $25.55, which amount shows that it was given in payment of some bill or amount owing plaintiff, since defendant would not have given a check for $25.55 for the purpose of getting that much money. The court is of opinion that he is entitled to a credit for this amount. With the two items of additional credit as represented by the exhibits D3 and D14, totalling $125.55, the amount sued for is reduced to the sum of $177.32, for which amount there will be judgment.

"It is therefore ordered, adjudged and decreed that plaintiff, Nabors Bros. Inc., have and recover judgment against defendant Jno. M. Warren, in the sum of one hundred seventy-seven and 32-100 dollars with 5% per annum interest thereon from Feb. 9, 1923, until paid, together with all costs of suit."

The case was not argued orally before us but was submitted on briefs filed by the respective parties.

Counsel for defendant seems to find no fault with the District Judge's opinion, except that he says, in brief, that the

sum of $100.00, which was paid by defendant on November 18, 1920, is not credited on the account. He says the same with reference to the sum of $100.00 paid October 4, 1920; and the sum of $25.55 paid December 28, 1920.

It will be noted that the District Judge found, as a matter of fact, that the items of $100.00 paid October 4, 1920, and $25.55 paid December 28, 1920, were not credited on the account, and in granting judgment he gave defendant credit for those two items.

Counsel for defendant is in error when he states that the item of $100.00 paid November 18, 1920, was not credited on the account.

We have carefully checked the account, as did the District Judge, and we find that the last named item was credited on the account as of date October 19, 1920.

We have read the testimony and checked the accounts filed together with the receipts and have reached the conclusion that the District Judge made no error in his conclusion as to the balance due by the defendant.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.